UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No.    1:23-cr-359 |
| Cahlyl Rollins ) | |
| _____ ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
     ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C.
        § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
     ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
     ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the
        Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act
        (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
     ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a)
        through (c) of this paragraph, or two or more State or local offenses that would have been offenses
        described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal
        jurisdiction had existed, or a combination of such offenses; **or**
     ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
        **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
        **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C.
     § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to
     Federal jurisdiction had existed; **and**
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was
     committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the
     defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

❒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

❒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

❒ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

❒ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

❒ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

❒ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

❒ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

❒ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**OR**

❒ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**Part III - Analysis and Statement of the Reasons for Detention**

A. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

❒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

B. In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
❒ Subject to lengthy period of incarceration if convicted
❒ Prior criminal history
❒ Participation in criminal activity while on probation, parole, or supervision

Page 2 of 4

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

- ❏ History of violence or use of weapons
- ❏ History of alcohol or substance abuse
- ❏ Lack of stable employment
- ❏ Lack of stable residence
- ❏ Lack of financially responsible sureties
- ❏ Lack of significant community or family ties to this district
- ❏ Significant family or other ties outside the United States
- ❏ Lack of legal status in the United States
- ❏ Subject to removal or deportation after serving any period of incarceration
- ❏ Prior failure to appear in court as ordered
- ❏ Prior attempt(s) to evade law enforcement
- ❏ Use of alias(es) or false documents
- ❏ Background information unknown or unverified
- ❏ Prior violations of probation, parole, or supervised release

**C. OTHER REASONS OR FURTHER EXPLANATION:**

The defendant's evidence/arguments for release:

See addendum.

Nature and circumstances of offense:

See addendum.

The strength of the government's evidence:

See addendum.

The defendant's history and characteristics, including criminal history:

See addendum.

The defendant's dangerousness/risk of flight:

See addendum.

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 11/03/2023 *nunc pro tunc*          Zia M. Faruqui
                                           2023.12.12 11:15:19 -05'00'
                                           United States Magistrate Judge

# <u>U.S v. Rollins</u>, 23-cr-359—Detention Order Addendum

This addendum memorializes the ruling delivered in open court.

**Defendant's Evidence/Arguments for Release**

Defendant is charged with four counts of malicious use of explosive materials. Defendant seeks pretrial release. Defendant argues that the nature and circumstances of the offense do not support a finding that he is a danger to the community, because the only damage was property damage and these were not acts of violence against people. He also notes that his criminal history is limited to a traffic ticket. Finally, he asserts that he is needed at home to provide care and support for his injured sister. His aunt, who also cares for her, has agreed to serve as a third-party custodian.

**Nature and Circumstances of the Offense**

The Government proffers that on July 2, 2023, Mr. Rollins allegedly detonated four explosive devices in Maryland and the District of Columbia. At 3:53 AM, he placed an explosive device outside a Bank of America ATM, which destroyed the vestibule and surrounding structure. Around thirty minutes later, he detonated an explosive device outside a Truist Bank ATM. At that time, a woman was sitting on the street where the bomb detonated. A few minutes later, he detonated a device outside of a Nike store on the same street. Finally, he placed an explosive device in the entryway of a Safeway while employees were inside the store and preparing for it to open. This was a violent crime that caused a significant amount of damage and which could have (but fortunately did not) result in injury or loss of life. It also reflects a series of bad decisions as opposed to one action. Thus, this factor weighs against pretrial release.

**Strength of the Government's Evidence**

Search warrant returns and vehicle license plate readers provide compelling evidence tying Mr. Rollins to the alleged crime. Specifically, premises search warrant returns from a storage unit that served as a staging ground for the crime revealed 38 license plates and ammunition. Additionally, the government received search warrant returns from Apple for a cellphone associated with Mr. Rollins. This cellphone was present at three of four of the bombing locations. The Apple account contained copies of Mr. Rollins driver's license, his resume, and photos of him with a large firearm. This corroborated that the account and cellphone belonged to Mr. Rollins. Thus, this factor weighs in favor of pretrial detention.

**Defendant's History and Characteristics, Including Criminal History**

Mr. Rollins has significant ties to Washington, D.C. He has lived in the District his entire life, and his mother, aunt, and sister reside here. He has no criminal history other than one traffic ticket issued in March 2023. He has a job and professional goals. Thus, this factor weighs against pretrial detention.

1

**Defendant's Dangerousness/Risk of Flight**

Based on Defendant's strong familial ties and connection to the community, the Court does not find that he is a risk of flight. However, the Court finds that Defendant poses a danger to the community on pretrial release, primarily because of the violent nature of the alleged crimes. Mr. Rollins offers one third-party custodian who did not appear for questioning in court. The Court commends the offer of this third-party custodian and appreciates her support for Mr. Rollins. However, this potential custodian is responsible for taking care of young children and her sister, which prevents her from being able to focus solely on monitoring Mr. Rollins. Thus, her supervision would be insufficient to mitigate the danger Mr. Rollins poses to the community based on the alleged criminal activity. Thus, this factor weighs in favor of pretrial detention. Accordingly, Defendant shall be held pending trial.